UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA RAY, | ) CV F 04 6173 REC SMS |
| | ) |
| Plaintiff, | ) ORDER DEEMING MOTION TO VACATE |
| | ) ORDER TO SHOW CAUSE (DOCS. 19, |
| | ) 20) TO BE A RESPONSE TO ORDER TO |
| v. | ) SHOW CAUSE AND A REQUEST TO |
| | ) DISCHARGE ORDER TO SHOW CAUSE |
| JO ANNE B. BARNHART, | ) |
| Commissioner of Social | ) ORDER DISCHARGING ORDER TO SHOW |
| Security, | ) CAUSE (DOC. 16) |
| | ) |
| Defendant. | ) INFORMATIONAL ORDER TO COUNSEL |
| | ) |
| | ) ORDER EXTENDING THE TIME FOR |
| | ) FILING PLAINTIFF'S OPENING BRIEF |
| | ) TO NO LATER THAN AUGUST 4, 2005 |
| | ) (DOC. 17) |

Plaintiff is proceeding with an action in which Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security denying Plaintiff's application for benefits. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C.§ 636(b) and Local Rule 72-302(c)(15).

Plaintiff's motion to vacate the Court's order to show cause came on regularly for hearing on July 14, 2005, at 10:00 a.m. in Courtroom 4 before the Honorable Sandra M. Snyder, United States Magistrate Judge. Gina M. Fazio appeared on behalf of Plaintiff;

1

there was no appearance on behalf of Defendant. After an extended conference off the record in chambers with Plaintiff's counsel and her administrative assistant, Ms. Chavez, Plaintiff's counsel was given an opportunity to make a statement or argument, and the matter was submitted to the Court.

I. <u>Background in this Case</u>

Pursuant to the scheduling order that issued on August 27, 2004, the Plaintiff's opening brief (POB) was initially due May 10, 2005, or ninety-five days after the filing of the administrative record by Defendant on February 3, 2005. Multiple extensions extended the deadline to June 5, 2005.

On June 28, 2005, twenty-three days after the due date, an order to show cause (OSC) issued why the action should not be dismissed for failure to file the POB. On the same date, a stipulation and proposed order was filed by Plaintiff to extend the time sixty days to August 4, 2005. The stipulation was signed by Plaintiff's counsel (Fazio) on June 6, 2005, and by the U.S. Attorney (AUSA) on June 7, 2005. Both of these dates were already beyond the deadline for the filing of the POB. Not only was the stipulation itself late,[1] but the filing of the already untimely stipulation was delayed for several weeks.

Counsel did not timely seek an extension, and did not explain the delay in seeking the extension or filing the

---

[1] Local Rule 6-144(d) provides that counsel shall seek to obtain a necessary extension from the Court or from other counsel or parties in an action as soon as the need for an extension becomes apparent. Requests for Court-approved extensions brought on the required filing date for the pleading or other document are looked upon with disfavor.

2

stipulation.

The Court by minute order dated June 29, 2005, noted that it would not consider any stipulations from the parties until Plaintiff's counsel satisfied the order to show cause.

On June 29, 2005, counsel filed a motion to vacate the OSC. The Court notes that it was not a response to the order, but rather was styled as a motion to vacate the order. The motion to vacate stated no grounds for vacating the OSC; it merely recited that on June 6, 2005 (a date already beyond the deadline for the brief), the stipulation and order were faxed (apparently to the AUSA) and were signed and faxed back by the AUSA, and due to an "oversight," it was not filed or mailed until June 29, 2005.

The motion to vacate did not explain whose oversight it was, state any of the pertinent circumstances, demonstrate whether or not it was an excusable oversight, or indicate whether or not counsel was apologetic for the oversight or had taken any efforts to see that it did not happen again.

The motion to vacate was inappropriate in tone and object: it sought vacation (not discharge) of the OSC, and it addressed the Court as "you."

The motion to vacate had an incorrect case caption, an incorrect case number, and contained a glaring typographical or grammatical error (it asked that you "vacation" the order to show cause).[2]

---

[2] Tellingly, reference to the docket for the case that was captioned in the initial motion to vacate revealed that it was a case referred to Magistrate Judge Dennis L. Beck, wherein counsel had also sought an extension of time after the pertinent deadline had already passed; Judge Beck discharged the OSC that had issued

3

The motion to vacate in the present case thus would support an inference that counsel cared as little about the OSC and the motion to vacate as she did for the meeting of Court deadlines or for the resources of the Court that had been drained to deal with the untimely and careless conduct that had already transpired in the case. It might further warrant an inference of contempt--not just carelessness or a lack of respect--but, indeed, <u>contempt</u> for the authority and dignity of the Court and for the efficient administration of the case before the Court.

Counsel filed a first amended motion to vacate a day later that set forth the correct case caption and number but did not remedy any of the other defects of the original motion to vacate.

The Court then filed its minute order reciting the events that had transpired since the issuance of the OSC, set counsel's motion to vacate for hearing, and stated that counsel must personally appear at the hearing.

A review of the docket in the instant case[3] shows that counsel for Plaintiff unnecessarily delayed in facilitating service. The case was filed on August 27, 2004, and Plaintiff's application to proceed in forma pauperis, filed the same day, was granted the same day. The Court's scheduling order provided that

---

in that case despite noting in the order discharging it that the application for the extension was untimely because the deadline in question had already passed when the extension was sought. Thus, the instant case is not a single, isolated instance.

[3] The Court may take judicial notice of court records. Fed. R. Evid. 201(b); <u>United States v. Bernal-Obeso</u>, 989 F.2d 331, 333 (9th Cir. 1993); <u>Valerio v. Boise Cascade Corp.</u>, 80 F.R.D. 626, 635 n. 1 (N.D. Cal. 1978), <u>aff'd</u>, 645 F.2d 699 (9th Cir. 1981).

4

1  service should be effected no later than twenty days from the
2  filing of the complaint except when other provision is made
3  pursuant to an IFP application. Although there is no specific
4  direction requiring Plaintiff's participation in the service
5  process by any specific date, the Court notes that Plaintiff
6  often delays in submitting service documents to the Court. Until
7  service documents are submitted to the Court, they cannot be
8  forwarded to the Marshal for service. Plaintiff did not submit
9  service documents until September 17, 2005, which was already
10 twenty days after the filing of the complaint. Granted, the
11 Marshal did not effectuate service until October 8, 2004, but the
12 Marshal is a governmental agency with limited resources, and the
13 Court takes judicial notice that the Marshal is heavily burdened.
14 Several weeks of the delay in service are directly attributable
15 to Plaintiff's counsel.

16     The docket also reveals that unclear and untimely
17 stipulations have been filed. On March 8, 2005, Plaintiff's
18 counsel filed a stipulation and order to extend time to April 4,
19 2005, <u>for plaintiff to file a confidential brief</u>. A plaintiff
20 does not <u>file</u> a <u>confidential</u> brief; pursuant to the Court's
21 scheduling order (at 2), the confidential briefs are <u>expressly</u>
22 <u>not to be filed with the Court.</u>

23     Thus, a stipulation that refers to filing a confidential
24 brief is unintelligible and ambiguous: does the party filing such
25 a stipulation mean to refer to the <u>serving</u> of the <u>confidential</u>
26 <u>letter brief</u>, or to the <u>filing</u> of the <u>Plaintiff's opening brief</u>?
27 The Court, of course, has no way of knowing whether the parties'
28 confidential letter briefing process is actually proceeding on

schedule; the Court simply schedules the next event that occurs at the Court, which is the <u>filing</u> of <u>Plaintiff's opening brief</u>.

Filing such a stipulation creates confusion and uncertainty. It was Plaintiff's counsel who drafted the stipulation in this instance, so counsel should take the responsibility to make sure that any stipulation is correct and actually makes sense.

## II. <u>In-Chambers Conference</u>

The Court engaged in an extended off-the-record discussion with Plaintiff's counsel regarding not the merits of any case pending before the Court, but regarding the procedural defects outlined above in the present case, and regarding other matters of form and procedure relating to the conduct of Plaintiff's counsel and her office that had come to the Court's attention. The Court noted how a significant proportion of the Social Security cases pending before the Court in this district are handled by Plaintiff's counsel; therefore, omissions and misfeasance in matters of form and procedure on the part of Plaintiff's counsel's office can be, and have been, extremely draining of the Court's administrative resources.

The matters discussed included, in addition to the matters previously discussed, the failure to number pages in documents filed with the Court in violation of Local Rule 7-130; putting incorrect captions, titles, and case numbers on filed documents in violation of Local Rule 5-133(g); failing to state arguments in terms of insufficiency of the evidence or reliance upon an erroneous legal standard in briefs in violation of the Court's scheduling order that issues in Social Security cases; referring to matters outside the record before the Court, and failing to

provide statements of fact, citations to the record, and citations to authority in briefs in violation of the Court's scheduling order that issues in Social Security cases; failing to respond promptly to directions stated in minute orders of the Court; and inappropriate forms of addressing the Court. The Court, counsel, and her administrative assistant addressed the procedures within the operation of counsel's office that have contributed to these problems as well as measures that will be undertaken by counsel to avoid repetition of such problems in the future. The Court appreciates counsel's frank and sincere attitude with respect to solving these problems.

### III. Informational Order

The Court finds that as of this date, counsel for Plaintiff is proceeding in good faith. However, the Court INFORMS counsel for Plaintiff that a failure to comply with an order of the Court may result in sanctions, including dismissal, pursuant to the inherent power of the Court or the Federal Rules of Civil Procedure. Fed. R. Civ. P. 41(b), 11; Local Rule 11-110; Chambers v. NASCO, Inc., 501 U.S. 31, 42-43 (1991). Local Rule 11-110 provides that a failure of counsel or of a party to comply with the Local Rules or with any order of the Court may be grounds of imposition by the Court of any and all sanctions authorized by statute, rule, or within the inherent power of the Court. A Court may impose monetary sanctions, payable to the Court, in the nature of a fine pursuant to the Court's inherent powers where the Court finds that the offending conduct was undertaken in bad faith. Zambrano v. City of Tustin, 885 F.2d 1473, 1478 (9th Cir. 1989). Monetary sanctions may be imposed for violation of a local

7

1 rule upon a finding of conduct amounting to recklessness, gross
2 negligence, or repeated unintentional flouting of court rules.
3 Id. at 1480. Sanctions should not be imposed without giving
4 counsel notice and an opportunity to be heard. Miranda v.
5 Southern Pacific Transp. Co., 710 F.2d 516, 522-23 (9th Cir.
6 1983). Dismissal of an action is appropriate where lesser
7 sanctions are ineffective and thus unavailable. Malone v. U.S.
8 Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for
9 failure to comply with court order).
10    Further, counsel for Plaintiff IS INFORMED that the Court
11 expects her to review and comply with, and to ascertain with
12 certainty that her staff has complied with, all orders of the
13 Court, including minutes orders, and with the pertinent Federal
14 Rules of Civil Procedure and the Local Rules of Court in
15 connection with all conduct undertaken in connection with, and
16 all documents filed in, actions pending before the Court.
17    IV. Motion to Vacate
18    Good cause having been shown, the Court DEEMS the motion to
19 vacate the order to show cause TO BE a response to the order to
20 show cause and a request to discharge the order to show cause.
21    V. Disposition
22    Accordingly, good cause having been shown, it IS ORDERED
23 that the order to show cause that issued on June 28, 2005, IS
24 DISCHARGED.
25    The Court has considered the parties' stipulation filed on
26 June 28, 2005 (Doc. 17), and it IS ORDERED that Plaintiff SHALL
27 FILE the Plaintiff's opening brief no later than August 4, 2005.
28

8

1  IT IS SO ORDERED.

2  **Dated:  July 14, 2005**            **/s/ Sandra M. Snyder**
   icido3                        UNITED STATES MAGISTRATE JUDGE